NB1GwilP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                    20 Cr. 126 (LTS)

ROBERT WILSON,

                                  Plea
          Defendant.

------------------------------x

                             New York, N.Y.
                             November 1, 2023
                             11:30 a.m.

Before:

                 HON. LAURA TAYLOR SWAIN,

                             Chief District Judge

                   APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
ADAM SLOAN HOBSON
     Assistant United States Attorney

ALBERTO A. EBANKS
     Attorney for Defendant

NB1GwilP

1          (Case called)

2          THE COURT:  Counsel, would you please introduce

3     yourselves.

4          MR. HOBSON:  Good morning, your Honor.  Adam Hobson

5     for the government.

6          THE COURT:  Good morning.

7          MR. EBANKS:  Good morning, your Honor.  Alberto Ebanks

8     on behalf of Mr. Wilson.

9          THE COURT:  Good morning, Mr. Ebanks.  And good

10    morning, Mr. Wilson.

11         THE DEFENDANT:  Good morning, your Honor.

12         THE DEPUTY CLERK:  And good morning to all that are in

13    attendance today.  Thank you for coming to court.

14         I'm informed that Mr. Wilson has an application to

15    withdraw his not guilty plea and plead guilty to a

16    lesser-included offense of Count One of the two-count

17    indictment that is labeled 20 Cr. 126.

18         Is that correct, Mr. Ebanks?

19         MR. EBANKS:  That is correct, your Honor.

20         THE COURT:  Do you have the fully executed copy of the

21    plea agreement there with a printed date of October 11th and an

22    execution date of November 1st, 2023 at defense table?

23         MR. EBANKS:  Yes, I do, your Honor.

24         THE COURT:  Is that copy marked as Government

25    Exhibit 1?

NB1GwilP

1          MR. EBANKS:  It is, in fact, your Honor.

2          THE COURT:  Do you also have an executed advice of

3     rights form there marked as Court Exhibit 1?

4          MR. EBANKS:  In my right hand, yes, your Honor.

5          THE COURT:  Thank you.

6          And I received three letters of support from

7     Mr. Wilson's family members and friends.  At the end of today's

8     proceeding, we will give them to Mr. Ebanks and I would ask

9     that those be filed as part of your sentencing submission.

10          MR. EBANKS:  I will certainly do that.

11          THE COURT:  Mr. Hobson, would you make a statement

12     regarding the government's victim identification and

13     notification activity in connection with this proceeding.

14          MR. HOBSON:  Your Honor, we have not identified any

15     specific victims with respect to this offense.

16          THE COURT:  Thank you.

17          Mr. Wilson, before I accept your guilty plea, there

18     are a number of questions that I must ask you while you are

19     under oath to ensure that your plea is valid.  At times, I may

20     cover a point more than once and I may cover matters that were

21     also addressed in the advice of rights form that you have seen.

22     If I do, that will be because it is very important that you

23     understand what is happening here today.

24          If you don't understand something that I ask you,

25     please say so, and I will reword the question or you may speak

1    with your attorney.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Please stand now to take the oath.

5              (Defendant sworn)

6              THE COURT:  Thank you.  Please stay standing, but you

7    can put your hand down.

8              Please state your full name for the record.

9              THE DEFENDANT:  Robert Wilson.

10             THE COURT:  Mr. Wilson, do you understand that you

11   have solemnly promised to tell the truth and that if you have

12   answer any of my questions falsely, your false or untrue

13   answers may later be used against you in another prosecution

14   for perjury or for making a false statement?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Thank you.

17             You may be seated for the next part of the proceeding.

18             THE DEFENDANT:  Thank you, your Honor.

19             THE COURT:  How old are you, sir?

20             THE DEFENDANT:  I'm 40, your Honor.

21             THE COURT:  How far did you go in school?

22             THE DEFENDANT:  I have a GED, your Honor.

23             THE COURT:  Good to hear that.

24             Are you able to read, speak and understand the English

25   language well?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Are you a citizen of United States?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  How did you become a citizen?

5          THE DEFENDANT:  I was born here, your Honor.

6          THE COURT:  Are you now or have you recently been

7   under the care of a doctor or a psychiatrist?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Have you ever been treated or hospitalized

10  for any mental illness or for any type of addiction, including

11  drug or alcohol addiction?

12         THE DEFENDANT:  No, your Honor.

13         THE COURT:  Have you ever been addicted to any drugs

14  or alcohol?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  And what substance were you addicted to?

17         THE DEFENDANT:  Marijuana, your Honor.

18         THE COURT:  Are you currently suffering from the

19  effects of a marijuana addiction?

20         THE DEFENDANT:  Not really, your Honor.

21         THE COURT:  Are you able to think clearly?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Do you feel comfortable making important

24  decisions for yourself?

25         THE DEFENDANT:  Yes, your Honor.

NB1GwilP

1          THE COURT:  In the past 24 hours, have you taken any

2    drugs, medicine or pills or had any alcohol to drink?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Is your mind clear today?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Are you feeling well physically today?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Are you represented by a lawyer here

9    today?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  What is your lawyer's name?

12          THE DEFENDANT:  Alberto Ebanks, your Honor.

13          THE COURT:  Mr. Ebanks, do you have any doubt as to

14    Mr. Wilson's competence to enter a plea at this time?

15          MR. EBANKS:  I do not, your Honor.

16          THE COURT:  Mr. Hobson, do you have any doubt as to

17    Mr. Wilson's competence to enter a plea at this time?

18          MR. HOBSON:  No, your Honor.

19          THE COURT:  Mr. Wilson, your attorney has told me that

20    you want to withdraw your not guilty plea and plead guilty to a

21    lesser-included offense of Count One.  Do you wish to plead

22    guilty?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Have you fully discussed your case with

25    your attorney, including the charge to which you intend to

NB1GwilP

1    plead guilty, and any defenses that you may have to that

2    charge?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Have you and your attorney also discussed

5    the consequences of pleading guilty?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Are you satisfied with your attorney and

8    his representation of you?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  On the basis of Mr. Wilson's responses to

11   my questions and my observations of his demeanor, I find that

12   Mr. Wilson is fully competent to enter an informed plea at this

13   time.

14          Before I accept your plea, I'm going to ask you some

15   more questions.  These questions are intended to satisfy the

16   Court that you want to plead guilty because you are in fact

17   guilty and that you fully understand your rights and the

18   consequences of your plea.  I will now describe to you certain

19   rights that you have under the Constitution and laws of the

20   United States.  You'll be giving up these rights if you plead

21   guilty.  Please listen carefully.  If you don't understand

22   something I am saying or describing, stop me and I or your

23   attorney will explain it more fully.

24          Under the Constitution and laws of the United States,

25   you have the right to a speedy and public trial by a jury on

1   the charges against you that are in the indictment.

2           Do you understand that?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Do you understand that you have the right

5   to plead not guilty and to continue to plead not guilty to each

6   of the charges?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  If there were a trial, you would be

9   presumed innocent and the government would be required to prove

10  you guilty by competent evidence and beyond a reasonable doubt.

11  You would not have to prove that you were innocent at a trial.

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  If there were a trial, a jury composed of

15  12 people selected from this district would have to agree

16  unanimously in order to find you guilty.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  If there were a trial, you would have the

20  right to be represented by an attorney at the trial and at all

21  other stages of the proceedings.  And if you could not afford

22  one, an attorney would be provided to you free of cost.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  If there were a trial, you would have the

NB1GwilP

right to see and hear all of the witnesses against you and your

attorney could cross-examine them.  In addition, you would have

the right to have your attorney object to the government's

evidence and offer evidence on your behalf, if you so desired.

Also, you would have the right to have witnesses required to

come to court to testify in your defense and you would have the

right to testify yourself, but you would not be required to

testify.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that if there were a

trial and you decided not to testify, no adverse inference

could be drawn against you based on your decision not to

testify?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that if you were

convicted at a trial, you would have the right to appeal that

verdict?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand each and every one of

the rights that I have asked you about?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you have any questions about any of

these rights?

THE DEFENDANT:  No, your Honor.

NB1GwilP

| | |
|---|---|
| 1 | THE COURT:  Do you understand that by pleading guilty |
| 2 | today, you will be giving up each and every one of these |
| 3 | rights? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  You also understand that you will be |
| 6 | giving up any possible claim that your constitutional rights |
| 7 | may have been violated? |
| 8 | THE DEFENDANT:  Yes, your Honor. |
| 9 | THE COURT:  Do you understand that if you plead guilty |
| 10 | today, you will not have a trial? |
| 11 | THE DEFENDANT:  Yes, your Honor. |
| 12 | THE COURT:  Do you understand that by pleading guilty, |
| 13 | you will also have to give up your right not to incriminate |
| 14 | yourself, because I will ask you questions about what you did |
| 15 | in order to satisfy myself that you are guilty as charged, and |
| 16 | you will have to admit and acknowledge your guilt? |
| 17 | THE DEFENDANT:  Yes, your Honor. |
| 18 | THE COURT:  Do you understand that you can change your |
| 19 | mind right now and refuse to plead guilty, you don't have to |
| 20 | enter this plea if you don't want to for any reason? |
| 21 | Do you understand that fully? |
| 22 | THE DEFENDANT:  Yes, your Honor. |
| 23 | THE COURT:  Do you still want to plead guilty? |
| 24 | THE DEFENDANT:  Yes, your Honor. |
| 25 | THE COURT:  Have you received a copy of the |

NB1GwilP

1  indictment, that is the document with the charges against you

2  in it that is numbered 20 Cr. 126 at the top?

3        THE DEFENDANT:  Yes, your Honor.

4        THE COURT:  Have you read it?

5        THE DEFENDANT:  Yes, your Honor.

6        THE COURT:  Have you discussed it with your attorney?

7        THE DEFENDANT:  Yes, your Honor.

8        THE COURT:  If you want me to, I will read Count One

9  of the indictment out loud to you here in the court.  Would you

10  like me to read it out loud to you?

11        THE DEFENDANT:  You don't have to, your Honor.

12        THE COURT:  Very well, then.

13        Do you understand that Count One of the indictment

14  charges you with violating Section 846 of Title 21 of the

15  United States Code, from in or about 2015, up to and including

16  February of 2020, by participating in a conspiracy to

17  distribute and possess with intent to distribute 1 kilogram and

18  more of mixtures and substances containing a detectable amount

19  of heroin, 400 grams and more of mixtures and substances

20  containing a detectable amount of fentanyl and 280 grams and

21  more of mixtures and substances containing a detectable amount

22  of cocaine base, commonly known as crack, all in violation of

23  Title 21 of the United States Code Sections 841(a)(1) and

24  841(b)(1)(A), but that you are proposing today to plead guilty

25  to a lesser-included offense in that count, namely, to

1   violating Section 846 by participating in a conspiracy to

2   distribute and possess with the intent to distribute 100 grams

3   and more of mixtures and substances containing a detectable

4   amount of heroin, 40 grams and more of mixtures and substances

5   containing a detectable amount of fentanyl and 28 grams and

6   more of mixtures and substances containing a detectable amount

7   of cocaine base, all in violation of Title 21 of the United

8   States Code, Sections 841(a)(1) and 841(b)(1)(B)?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you understand that the government

11  would have to prove each and every part or element of this

12  lesser-included offense beyond a reasonable doubt at a trial if

13  you did not plead guilty?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Mr. Hobson, would you please explain what

16  the government would have to prove if we were to go to trial on

17  the lesser included offense.

18             MR. HOBSON:  Yes, your Honor.

19             The lesser-included offense has two elements:

20             First, the existence of an agreement to distribute or

21  possess with intent to distribute a controlled substance; and

22             Second, the defendant knowingly entered into that

23  agreement.

24             In addition, to trigger the relevant sentencing

25  provisions, the government would have to prove that that

NB1GwilP

1    agreement involved the distribution of either 100 grams or more

2    of heroin, 40 grams or more of fentanyl or 28 grams or more of

3    crack cocaine.

4              THE COURT:  And as to venue?

5              MR. HOBSON:  As to venue, the government would have to

6    prove by a preponderance of the evidence that venue is

7    appropriate in the Southern District of New York.  Here, the

8    venue would be based on drug sales in the Bronx.

9              THE COURT:  Thank you.

10             Mr. Wilson, do you understand what the government

11   would have to prove if you did not plead guilty?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Do you understand that the maximum

14   possible penalty for the crime to which you propose to plead

15   guilty is 40 years of imprisonment, plus a fine of the greatest

16   of $5 million, twice the gain resulting from the offense or

17   twice the loss to other people resulting from the offense, plus

18   a $100 special assessment, plus a lifetime term of supervised

19   release after your term of imprisonment, plus full restitution

20   to all persons injured by your criminal conduct?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you also understand that the crime to

23   which you propose to plead guilty, not only has a maximum

24   penalty, but also contains a minimum imprisonment penalty of

25   five years, plus a minimum required penalty of four years of

1    supervised release.  In other words, your sentence must include

2    those minimum penalties, unless limited circumstances apply,

3    and those circumstances don't appear to be present in your

4    case.

5              Do you understand that?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Counsel, am I correct in understanding

8    that you have stipulated that Mr. Wilson is not eligible for

9    the safety valve?

10             MR. HOBSON:  That's correct, your Honor.

11             MR. EBANKS:  That is correct, your Honor.

12             THE COURT:  Thank you.

13             Mr. Wilson, I will now give you some information and

14   verify your understanding of the supervised release aspect of

15   the potential penalty.  Supervised release means that you will

16   be subject to monitoring when you are released from prison,

17   terms and conditions will be imposed.  If you violate any of

18   the set terms and conditions, you can be sent back to prison

19   without a jury trial.  If you are on supervised release, and

20   you do not comply with any of the set terms or conditions, you

21   can be sent back to prison for up to five years.  You will be

22   given no credit for the time that you served in prison as a

23   result of your sentence and no credit for any time spent on

24   post release supervision.

25             So, for example, if you received a prison term and

1    then a six-year term of supervised release, and after you left

2    prison, you lived up to the terms of supervised release for

3    almost six years, but then you violated some term of supervised

4    release, you could be sent back to prison for five whole years.

5              Do you understand that?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you also understand that if I accept

8    your guilty plea and adjudge you guilty, that adjudication may

9    deprive you of valuable civil rights, such as the right to

10   vote, the right to hold public office, the right to serve on a

11   jury and the right to possess any kind of firearm?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Under current law, there are sentencing

14   guidelines that judges must consider in determining your

15   sentence.

16             Have you spoken to your attorney about the sentencing

17   guidelines?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Do you understand that, in determining

20   your sentence, the Court must calculate the applicable

21   sentencing guidelines range and consider that range, possible

22   departures under the sentencing guidelines and other sentencing

23   factors under Title 18 of the United States Code,

24   Section 3553(a).

25             THE DEFENDANT:  Yes, your Honor.

NB1GwilP

1    THE COURT:  Do you understand that the Court has

2  discretion, while taking the guidelines into account, to

3  sentence you to any period of imprisonment from the five year

4  statutory minimum all the way up to the statutory maximum of

5  40 years?

6    THE DEFENDANT:  Yes, your Honor.

7    THE COURT:  Do you understand that even though your

8  plea agreement includes a stipulated or agreed sentencing

9  guidelines calculation, the Court will not be able to determine

10  your sentence until after a presentence report has been

11  completed by the probation office and you and the government

12  have had a chance to challenge any of the facts reported by the

13  probation office?

14    THE DEFENDANT:  Yes, your Honor.

15    THE COURT:  Do you understand that you may have the

16  right to appeal your sentence under certain circumstances, even

17  if your plea agreement provides that you are waiving your right

18  to appeal?

19    THE DEFENDANT:  Yes, your Honor.

20    THE COURT:  Do you understand that, if your attorney

21  or anyone else has attempted to estimate or predict what your

22  sentence will be, their estimate or prediction could be wrong?

23    THE DEFENDANT:  Yes, your Honor.

24    THE COURT:  No one, not even your attorney or the

25  government, can or should give you any assurance of what your

NB1GwilP

1    sentence will be because your sentence cannot be determined

2    until after the probation office report is completed and I have

3    ruled on the challenges to the report and I have determined

4    what the appropriate sentence is.

5              Do you understand this?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you also fully understand that even if

8    your sentence is different from what your attorney or anyone

9    else told you it might be, or if it is different from what you

10   expect, you will still be bound to your guilty plea and you

11   will not be allowed to withdraw your guilty plea?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Mr. Ebanks, would you please show

14   Mr. Wilson page 3 of the plea agreement, which includes the

15   stipulated sentencing guideline range.

16             Mr. Wilson, the plea agreement provides that the

17   stipulated guideline range is from 188 to 235 months of

18   imprisonment, which includes the mandatory minimum prison

19   sentence of 60 months.  Do you understand that this stipulation

20   does not bind the Court or the probation office as to the facts

21   on which it is based, as to how to apply the guidelines to the

22   facts or as to what will be an appropriate sentence in your

23   case?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Do you understand that I may decide to

NB1GwilP

| | |
|---|---|
| 1 | impose a sentence that is outside of the guidelines range? |
| 2 | THE DEFENDANT:  Yes, your Honor. |
| 3 | THE COURT:  Are you now serving any state or federal |
| 4 | sentence or are you being prosecuted for any other crime? |
| 5 | THE DEFENDANT:  No, your Honor. |
| 6 | THE COURT:  Do you understand that the indictment also |
| 7 | includes a forfeiture allegation, in which the government |
| 8 | asserts that you are required to forfeit to the United States |
| 9 | any and all property constituting and derived from any proceeds |
| 10 | that you obtained directly or indirectly as a result of the |
| 11 | crime charged in Count One, as well as any and all property |
| 12 | used or intended to be used in any way to commit and facilitate |
| 13 | the commission of the crime charged in Count One? |
| 14 | THE DEFENDANT:  Yes, your Honor. |
| 15 | THE COURT:  Would you please look again at the plea |
| 16 | agreement, which is marked as Government Exhibit 1. |
| 17 | Have you signed this agreement? |
| 18 | THE DEFENDANT:  Yes, your Honor. |
| 19 | THE COURT:  Did you read it before you signed it? |
| 20 | THE DEFENDANT:  Yes, your Honor. |
| 21 | THE COURT:  Did you discuss it with your attorney |
| 22 | before you signed it? |
| 23 | THE DEFENDANT:  Yes, your Honor. |
| 24 | THE COURT:  And did you fully understand it before you |
| 25 | signed it? |

NB1GwilP

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Does the agreement reflect accurately your

3  complete and total understanding of the entire agreement

4  between the government, your attorney and you?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Is everything that you understand about

7  your plea and sentence covered in the agreement?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Has anything been left out?

10           THE DEFENDANT:  No, your Honor.

11           THE COURT:  Has anyone made any promises to you, other

12  than what is detailed in that agreement, or threatened you or

13  forced you to plead guilty or enter into the plea agreement?

14           THE DEFENDANT:  No, your Honor.

15           THE COURT:  Do you understand that on page 2, the

16  agreement includes a stipulation that your crime involved

17  specific amounts of heroin, fentanyl and crack and that the

18  total amount of those drugs convert under a formula that is set

19  forth in the sentencing guidelines to a converted drug weight

20  that is more than 1,000 kilograms, but less than

21  3,000 kilograms?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Do you understand that the specific types

24  and quantities of drugs involved in your crime affect the total

25  converted drug weight and that that converted drug weight

NB1GwilP

1    affects sentencing computations under the guidelines?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  Do you understand that you are under no

4    obligation to make an agreement with the government as to

5    whether your crime involved specific types and quantities of

6    drugs?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  And do you agree that your crime involved

9    specific amounts of heroin, fentanyl and crack and that those

10   amounts convert under the sentencing guidelines formula to a

11   drug weight that is more than 1,000 kilograms, but less than

12   3,000 kilograms?

13                   THE DEFENDANT:  Yes, your Honor.

14                   THE COURT:  Do you understand, on page 2, the

15   agreement contains a stipulation that you agree that the

16   offense to which you are pleading guilty involved the

17   possession of a firearm?

18                   THE DEFENDANT:  Yes, your Honor.

19                   THE COURT:  Do you understand that possession of a

20   firearm affects sentencing guideline calculations for your

21   crime?

22                   THE DEFENDANT:  Yes, your Honor.

23                   THE COURT:  Do you understand that you are under no

24   obligation to make an agreement with the government as to

25   whether your crime involved the possession of a firearm?

NB1GwilP

1          THE DEFENDANT:  Yes, your Honor.

2          MR. EBANKS:  Do you agree that your crime did involve

3     the possession of a firearm?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that, on page 2, the

6     agreement includes a stipulation that you agree that your crime

7     involved directing the use of violence?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that directing the use

10    of violence affects sentencing guideline calculations for your

11    crime?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand that you are under no

14    obligation to make an agreement with the government as to

15    whether your crime involved directing the use of violence?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you agree that your crime involved

18    directing the use of violence?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Do you understand that, on page 2, your

21    agreement includes a stipulation that you agree that your crime

22    involved you serving as a manager or supervisor of criminal

23    activity that involved five or more participants or was

24    otherwise extensive?

25         THE DEFENDANT:  Yes, your Honor.

NB1GwilP

1              THE COURT:  Do you understand that these facts affect

2       sentencing guidelines calculations for your crime?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand that you are under no

5       obligation to make an agreement with the government as to these

6       facts?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Do you agree that your crime involved you

9       serving as a manager or supervisor of criminal activity that

10      involved five or more participants or was otherwise extensive?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you understand that your plea agreement

13      includes a stipulation that you have had a previous conviction,

14      which is identified on page 3 of your plea agreement?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you understand that the number and

17      nature of your prior convictions affects sentencing

18      calculations under the sentencing guidelines?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  And do you also understand that you are

21      under no obligation to make an agreement with the government

22      regarding your criminal history?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Do you understand that your agreement on

25      page 3 includes a stipulation that you committed this crime

NB1GwilP

1    while you were under a criminal justice sentence for the prior

2    conviction?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Do you understand that having committed

5    the offense while under a criminal justice sentence affects

6    sentencing computations under the guidelines?

7             THE DEFENDANT:  Yes, your Honor.

8             THE COURT:  Do you understand that you are under no

9    obligation to make an agreement with the government about

10   whether you committed this crime while you were under a

11   criminal justice sentence?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Now, your agreement also reflects that you

14   and the government have agreed, in light of sentencing

15   guidelines amendments that became effective today, the

16   enhancement for committing your offense while you were under a

17   criminal justice sentence will not be warranted under the new

18   Section 4A1.1 of the November 1st, 2023 version of sentencing

19   guidelines, which will be in effect at the time that you are

20   sentenced.  And so do you understand that your agreement

21   reflects the parties' agreement that the applicable range under

22   the sentencing guidelines is 168 to 210 months of imprisonment,

23   based on an offense level of 34 and a criminal history category

24   of II under the revised guidelines?

25            THE DEFENDANT:  Yes, your Honor.

NB1GwilP

        THE COURT:  Do you understand that, on page 4 of the

plea agreement, you are agreeing not to seek a sentencing

modification pursuant to Section 3582(c)(2) of Title 18 based

on the revision of Section 4A1.1, as reflected in the

November 2023 or later versions of the sentencing guidelines?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that, on page 2, the

plea agreement provides that you are admitting the forfeiture

allegation in the indictment and that you agree that you must

forfeit to the United States any and all property constituting

or derived from any proceeds obtained, directly or indirectly,

as a result of your crime, as well as any and all property used

or intended to be used in any way to facilitate the commission

of the crime?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that you are under no

obligation to make an agreement with the government as to any

forfeiture obligation that you may have?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Mr. Hobson, does the government intend to

submit a proposed order of forfeiture?

        MR. HOBSON:  Not at this time, your Honor.

        THE COURT:  Very well.  I'll file my usual order that

directs you to file a proposed order in advance of sentencing

if you are seeking a proposed order of forfeiture.

NB1GwilP

1          MR. HOBSON:  Yes, of course.

2          THE COURT:  Mr. Hobson, do you understand, if you do

3    forfeit anything, anything you forfeit won't count against any

4    other fine, penalty or restitution that the Court may impose as

5    part of your sentence?

6          MR. HOBSON:  I believe you accidently directed that to

7    me, to Mr. Hobson, I think that's the confusion.

8          THE COURT:  I doubt that I'll be imposing a forfeiture

9    obligation on you personally as part of this sentence, so let

10   me do that again.  And I apologize.

11         So, Mr. Wilson --

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  -- do you understand that if you do have a

14   forfeiture obligation, anything that you do forfeit will not

15   count against any other fine, penalty or restitution that the

16   Court may impose as part of your sentence?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Do you understand that your agreement

19   provides, on page 5, that you are giving up or waiving your

20   right to appeal, to litigate or challenge your sentence

21   collaterally under Title 28 of the United States Code, Sections

22   2255 and/or 2241 if I sentence you to 235 or fewer months of

23   imprisonment?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do you understand that the agreement also

NB1GwilP

provides on page 5 that you will not appeal or challenge any

term of supervised release that is less than or equal to the

statutory maximum, namely, supervised release for life?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that, on page 5, your

agreement also provides that you will not appeal or challenge

any fine of $5 million or less?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that you are under no

obligation to waive your rights to appeal or otherwise litigate

any aspect of your sentence?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that, on page 5, the

agreement provides that the appeal and collateral challenge

waiver provisions that we have just discussed do not affect

whatever rights you may have to assert claims of ineffective

assistance of counsel, whether on direct appeal, collateral

review or otherwise?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that your agreement

provides, on page 5, that you are giving up your right to

withdraw your plea or attack your conviction, either on direct

appeal or collaterally, on the ground that the government

failed to produce any discovery material, Jencks Act material,

exculpatory material pursuant to the Supreme Court's Brady v.

NB1GwilP

1    Maryland decision, other than information establishing your

2    factual innocence, or impeachment material pursuant to the

3    Supreme Court's Giglio v. United States decision that has not

4    already been produced as of the date of your plea agreement?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you understand that your agreement

7    provides on page 4 that you will not move for a downward

8    departure under the sentencing guidelines or seek any

9    adjustment under the guidelines that is not described in the

10   plea agreement, but that you can make arguments for a lower

11   sentence under the general sentencing statute that is known as

12   Section 3553(a)?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand that the agreement

15   provides, on page 3, that you are not eligible for the

16   so-called safety valve that is provided for in Title 18 of the

17   United States Code, Section 3553(f)?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand that the agreement

20   provides that you agree not to seek safety valve relief from

21   the mandatory minimum sentence at your sentence and that, if

22   you do, the government will no longer be bound by the terms of

23   the plea agreement?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do you understand that you are under no

NB1GwilP

1    obligation to enter into this particular agreement with the

2    government?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand that, even if the

5    government does not oppose or take a position on what your

6    attorney will ask as a sentence, I am free to impose whatever

7    sentence I believe is appropriate under the circumstances and

8    the applicable law, and you will have no right to withdraw your

9    plea?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Do you still want to plead guilty pursuant

12   to this plea agreement?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Mr. Ebanks, do you know of any valid

15   reason why Mr. Wilson would prevail at trial?

16             MR. EBANKS:  No, I do not, your Honor.

17             THE COURT:  Do you know of any reason that he should

18   not be permitted to plead guilty?

19             MR. EBANKS:  I do not, your Honor.

20             THE COURT:  Thank you.

21             Mr. Wilson, will you please stand now and tell me what

22   you did that makes you guilty of the crime to which you are

23   pleading guilty.

24             THE DEFENDANT:  I, Robert Wilson, admit to selling

25   28 grams or more of crack cocaine and 100 grams or more of

NB1GwilP

1    heroin in the Southern District of New York.

2            THE COURT:  So I didn't hear what you said between

3    your name and the quantities of the drugs.  So would you say

4    that one more time, please.

5            THE DEFENDANT:  Sorry, your Honor.

6            I said, I, Robert Wilson, and others in the Southern

7    District of New York conspired to possess and sell 28 grams or

8    more of cocaine base and 100 grams or more of heroin.

9            THE COURT:  And when you use the term conspire, what

10   do you mean by that?

11           THE DEFENDANT:  That we all came into agreement to

12   take these actions and sell narcotics.

13           THE COURT:  I noticed that you were referring to some

14   notes when you were speaking.  How did those notes come to be

15   prepared?

16           THE DEFENDANT:  I had them prepared already, your

17   Honor.

18           THE COURT:  Do they reflect the facts of what you

19   actually did and intended to do at that time?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Was it your intent to sell real heroin and

22   real crack cocaine?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  In what time period did you have this

25   agreement?

1          THE DEFENDANT:  2018 to 2020.

2          THE COURT:  And when you made this agreement, did you

3     know that what you were doing was wrong and illegal?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Did your agreement involve any agreement

6     regarding fentanyl?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  Mr. Hobson.

9          MR. HOBSON:  Your Honor, if I may make a proffer.  The

10    undercover buys from Mr. Wilson and some of his other

11    coconspirators indicated that the gang was selling fentanyl as

12    well.  And those buys, combined with cooperating witness

13    testimony, shows that the amount of fentanyl was at least

14    40 grams or more.

15         THE COURT:  Thank you.

16         Does the government wish any further factual matters

17    to be addressed by Mr. Wilson in his plea allocution?

18         MR. HOBSON:  No, your Honor, that's not necessary.

19         THE COURT:  Thank you.

20         Would you keep standing, Mr. Hobson.

21         And you can be seated, Mr. Wilson.

22         Mr. Hobson, would you please summarize the

23    government's evidence against Mr. Wilson.

24         MR. HOBSON:  Yes, your Honor.

25         The evidence would include a number of undercover

NB1GwilP

1    buys, which were on video to Mr. Wilson and Mr. Wilson's

2    coconspirators, as well as cooperating witness testimony,

3    including the quantities that they used and the violence they

4    used to protect their operation.  It would also include

5    evidence of a gun seized from the spot where Mr. Wilson was

6    running his drug operations.

7            THE COURT:  Is it the government's belief that this

8    body of evidence would be sufficient to prove guilt beyond a

9    reasonable doubt?

10           MR. HOBSON:  Yes, your Honor.

11           THE COURT:  Thank you.

12           Mr. Wilson, would you please stand again.

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  How do you now plead to the charge in

15   Count One of the indictment; not guilty or guilty?

16           THE DEFENDANT:  Guilty, your Honor.

17           THE COURT:  Are you pleading guilty because you are in

18   fact guilty?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Are you pleading guilty voluntarily and of

21   your own free will?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Would you please look at Court Exhibit 1,

24   which is the advice of rights form.

25           Have you signed this form?

NB1GwilP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Did you read it before you signed it?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Did you discuss it with your attorney

5    before you signed it?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Did you fully understand it before you

8    signed it?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Mr. Ebanks, did you also review and sign

11   Court Exhibit 1?

12             MR. EBANKS:  I did, your Honor.

13             THE COURT:  Mr. Ebanks, are there any other questions

14   that you believe I should ask Mr. Wilson in connection with the

15   plea?

16             MR. EBANKS:  Not at this time, your Honor.

17             THE COURT:  Mr. Hobson, are there any other questions

18   you believe I should ask in connection with the plea?

19             MR. HOBSON:  No, your Honor.

20             THE COURT:  Mr. Wilson, you have acknowledged that you

21   are guilty as charged in a lesser-included offense of Count One

22   of the indictment.  I find that you know your rights and that

23   you are waiving them voluntarily.  Because your plea is entered

24   knowingly and voluntarily and is supported by an independent

25   basis in fact containing each of the essential elements of the

NB1GwilP

1   lesser-included offense, I accept your guilty plea and I

2   adjudge you guilty of the offense charged in Count One of the

3   indictment numbered 20 Cr. 126, to the extent that count

4   charges you with conspiring to distribute and possess with

5   intent to distribute 100 grams and more of heroin and 28 grams

6   and more of cocaine base, to which you have admitted, and

7   40 grams and more of fentanyl as to which the government has

8   proffered that it has evidence.

9           You can be seated now, Mr. Wilson.  Thank you.

10          THE DEFENDANT:  Thank you, your Honor.

11          THE COURT:  Mr. Ebanks, do you wish to be present for

12  any interview of Mr. Wilson in connection with the preparation

13  of the presentence report?

14          MR. EBANKS:  Yes, I do, your Honor.

15          THE COURT:  I will make that direction.

16          Ms. Ng, may we have a sentencing date, please.

17          THE DEPUTY CLERK:  Wednesday, February 7th, 2024 at

18  11:30.

19          THE COURT:  Is everybody available on February 7th,

20  2024 at 11:30?

21          MR. HOBSON:  Yes, your Honor.

22          MR. EBANKS:  Yes, your Honor.

23          THE COURT:  Sentencing is set for February 7th, 2024

24  at 11:30 in the morning.

25          Counsel, please make sure to get any objections or

1    comments back promptly to probation after the first disclosure

2    of the report and make your sentencing submissions in

3    accordance with the sentencing submission provisions of my

4    individual practice rules, which are on the court website.

5            Mr. Hobson, will you get the government's factual

6    summary to probation within the next two weeks.

7            MR. HOBSON:  Yes, your Honor.

8            THE COURT:  Mr. Ebanks, would you make sure to be in

9    touch with the probation office so that an interview is

10   scheduled within the next two weeks.

11           MR. EBANKS:  Yes, your Honor.

12           THE COURT:  Thank you.

13           Mr. Wilson.

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  The probation office will be preparing a

16   presentence report to assist me in sentencing you.  You will be

17   interviewed by the probation office.  It is important that the

18   information that you give to the probation officer be truthful

19   and accurate.  The report is important in my decision as to

20   what your sentence will be.  You and your attorney have a right

21   and will have an opportunity to examine the report, to

22   challenge or comment on it and to speak on your behalf before

23   sentencing.  Failing to be truthful with the probation office

24   and the Court may have an adverse effect on your sentence and

25   may subject you to prosecution.

1                 Do you understand that?

2                 THE DEFENDANT:  Yes, your Honor.

3                 THE COURT:  Thank you.

4                 Mr. Ebanks, as I indicated before, we will be giving

5       you the letters that we received.  And do file them as part of

6       the sentencing submission and make sure that any names of

7       minors are redacted from the publicly filed versions.

8                 MR. EBANKS:  I will do that, your Honor.

9                 THE COURT:  Thank you.

10                Mr. Hobson, do you want Mr. Ebanks to give you copies

11      of the letters in advance?

12                MR. HOBSON:  As long as they are in the sentencing

13      submission, that's sufficient for our purposes.

14                THE COURT:  That's fine.  I will consider them, to the

15      extent they do come in the sentencing submission.

16                Counsel, is there anything else that we need to

17      address together this afternoon?

18                MR. HOBSON:  No, your Honor.

19                MR. EBANKS:  No, your Honor.  Thank you.

20                THE COURT:  Thank you.

21                And I would ask the marshals to permit Mr. Wilson to

22      acknowledge his family as he's leaving the courtroom.  And I

23      thank you for making that accommodation.

24                Be well and stay safe everyone.  We're adjourned.

25                (Adjourned)